IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:18-CR-006-D(09) |
| VS. § | |
| § | |
| MIRIAM CRYSTAL HERRERA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

On March 25, 2025 defendant Miriam Crystal Herrera ("Herrera") filed a motion for compassionate release and/or a sentence reduction and for appointment of counsel. For the reasons that follow, the court denies the motion.

I

Herrera pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On August 2, 2019 the court sentenced her to 480 months' imprisonment, followed by 5 years of supervised release. Herrera appealed her sentence. While her appeal was pending, she filed on June 2, 2020 a motion for release or home confinement under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act based on the COVID-19 pandemic. The court denied the motion. On June 10, 2020 the Fifth Circuit dismissed Herrera's appeal of her sentence as frivolous. She then appealed this court's order denying her motion under § 3582(c)(1)(A), but the Fifth Circuit affirmed the order.

On December 22, 2021 Herrera filed a motion to vacate under 28 U.S.C. § 2255. The court dismissed the motion without prejudice for want of jurisdiction. She then filed a second motion to vacate under 28 U.S.C. § 2255. On May 6, 2025 the court entered an order that, *inter alia*, dismissed Herrera's successive § 2255 motion and severed her civil rights claims into a new civil action that is currently pending in the Fort Worth Division.

In the instant motion, Herrera moves for compassionate release and/or a sentence reduction and for the appointment of counsel based on her health and the environmental conditions at FMC-Carswell, being currently housed with biological male inmates, and under Amendment 821 to the United States Sentencing Guidelines. On March 27, 2025 the court ordered the government to respond to Herrera's motion by April 24, 2025. The government filed its opposition response on May 15, 2025.[1] Herrera filed a reply on May 22, 2024, and on May 28, 2025 she filed an amended reply in which she also moves for an evidentiary hearing, a mold/asbestos survey, and subpoena of Special Master Wendy Still.

II

To the extent that Herrera seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court denies her motion.

---

[1]On May 13, 2025 Herrera filed a motion requesting that the court treat her March 25, 2025 motion as unopposed due to the government's failure to respond by the court-ordered deadline. Because the government has now filed a response indicating that it opposes Herrera's motion, the court declines to treat her motion as unopposed. But even if the motion were deemed to be unopposed, the court would decline to reduce Herrerra's sentence based solely on the absence of a government response to her motion.

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.² When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does not consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

Herrera moves for compassionate release based on two separate grounds. She

---

²In her motion, Herrera contends that she made a request in February 2025 asking the warden for compassionate release and that she has not received a denial or approval of this request. She attaches to her motion what appears to be an email to Warden Rule requesting compassionate release. Because doing so does not change the outcome in the decision on Herrera's motion, the court will assume *arguendo* that she has exhausted her administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

contends that the environmental conditions at FMC-Carswell—toxic mold, friable asbestos, and other dangerous chemicals that she is inhaling through air ducts—are causing long term respiratory problems from which she will suffer for the rest of her life and thus constitute an "extraordinary circumstance" justifying compassionate release. She also seeks compassionate release under U.S.S.G. § 1B1.13(b)(4),[3] alleging that she is currently being housed with biological male inmates who allege that they are women; that she is forced to shower and share other inmate facilities with these male inmates; that it is cruel and unusual punishment to allow male inmates, many of whom are sex offenders, to see her naked in the shower; and that she and other women remain in danger of sexual assault.[4]

Because the court concludes below that Herrera's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that she has shown extraordinary

---

[3]Under U.S.S.G. § 1B1.13(b)(4), "extraordinary and compelling reasons" exist if

> [t]he defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>   (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>   (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

U.S.S.G. § 1B1.13(b)(4).

[4]Herrera includes similar allegations in her currently-pending civil action.

and compelling reasons. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).[5]

C

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's]

---

[5]Because the court is assuming that Herrera has shown extraordinary and compelling reasons, it denies as moot her motion to allow a mold/asbestos survey, motion for an evidentiary hearing, and motion for subpoena of Special Master Wendy Still.

sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give "'specific factual reasons' for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Herrera is currently serving a 480-month sentence for her role as a large-scale distributor[6] of methamphetamine. At sentencing, she was given a two-level adjustment for her use of a weapon to further her drug trafficking scheme, a two-level adjustment because the methamphetamine she dealt was imported from Mexico, a two-level adjustment because she maintained a premises to further her drug trafficking, and a four-level adjustment because she was an organizer/leader of criminal activity. Although she faced a guideline range of life imprisonment, her plea agreement statutorily capped her sentence at 40 years. Herrera is not eligible for release from prison until March 8, 2052. If the court grants her motion, it will be ordering her released more than *26 years* before she would otherwise be eligible. Not only would Herrera's release not be in the interest of justice, it would minimize the seriousness of her crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

---

[6]Herrera was held accountable for 362 kilograms of methamphetamine.

Concerning the need to protect the public from future crimes, Herrera contends that "[t]he need to protect the public has been met. The Defendant had no prior criminal history, therefore, there is no pattern of criminal intent." D. Mot. 3. But she has failed to provide sufficient evidence to support her contention that she would not be a danger to the safety of any other person or the community if released. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Herrera's relevant offense conduct and finds that she would pose a danger to the public if granted early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Herrera's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

III

Herrera moves for a reduction in sentence, presumably under 18 U.S.C. § 3582(c)(2), based on the contention that she qualifies for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because she has "no criminal history." D. Mot. 2.

A

Although Herrera is correct that she received zero criminal history points during sentencing, she is not entitled to a two-point offense level reduction under Amendment 821 because she received an offense level adjustment under U.S.S.G. § 3B1.1 for her role as an organizer or leader of a criminal activity. *See* U.S.S.G. § 4C1.1(10); PSR (ECF No. 1368-1) ¶ 49. "To receive the zero-point-offender reduction under § 4C1.1, a defendant must 'meet[] all of [that provision's] criteria,' including that 'the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role).'" *United States v. Morales*, 122 F.4th 590, 593 (5th Cir. 2024) (alterations in original) (quoting USSG § 4C1.1(a)(10)). In other words, "[i]f a defendant . . . received a § 3B1.1 enhancement . . . , [she] is disqualified from receiving the reduction." *Id*. at 597. Herrera received an enhancement under U.S.S.G. § 3B1.1. She is therefore ineligible for a two-point decrease in her offense level.

Herrera appears to recognize that her sentencing enhancement under U.S.S.G. § 3B1.1 precludes her from being eligible for a sentence reduction under Amendment 821. *See* D. Br. 3. She argues that she "signed a plea agreement barring appeal of any claim but ineffective assistance of counsel, so she was unable to challenge" the finding that she was a leader/organizer pursuant to § 3B1.1, and that

> [n]owhere in the plea agreement or factual resume is it stated the Defendant was a leader/organizer. There is no evidence, whatsoever, to support this under the preponderance of evidence standard. Most importantly, the Defendant did not agree or plead guilty to this conduct.

D. Mot. 3. But Herrera acknowledged in her objection to the presentence report that "she should receive a leadership role because Castaneda and Lambert worked under her," and stated that a "two-point adjustment for her role is appropriate." D. Objs. to PSR (ECF No. 1399) at 1. And with a two-point adjustment for her leadership role, Herrera would be ineligible for a sentence reduction under Amendment 821.

Accordingly, the court denies Herrera's motion to the extent that she contends that she qualifies for a sentence reduction under Amendment 821.

B

Moreover, to the extent that Herrera's motion challenges the legality of her underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). And insofar as Herrera seeks relief cognizable under § 2255, her claim would not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-88 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153" of Title 28, through which

"Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." (citations omitted)).

Accordingly, to the extent that Herrera challenges the legality of her underlying sentence, the court declines to consider it in deciding her motion under § 3582(c)(2).

## IV

In her motion, Herrera requests appointed counsel. The court denies her request.

A defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id*. at 1011. Because Herrera has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies her request.

\* \* \*

Accordingly, for the reasons explained, the court denies Herrera's motion for compassionate release, sentence reduction, and appointment of counsel.

**SO ORDERED**.

July 29, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE